IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIELLE MARIE COX,

        Petitioner,        3:11-cv-837-TC

        v.        FINDINGS AND RECOMMENDATION

NANCY HOWTON,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to an Amended Judgment of Conviction from Multnomah County after convictions for Murder, Kidnapping in the First Degree, Robbery in the First Degree, Arson in the First Degree, and Assault in the First Degree. Exhibit 101. Following a guilty plea, petitioner was sentenced to life imprisonment with a 25 year minimum. *Id.* The Judgment was entered into the register on March 9, 2006.

1 - FINDINGS AND RECOMMENDATION

Petitioner did not directly appeal her convictions.

Petitioner signed a petition for post-conviction relief, Exhibit 103, on October 26, 2006,[1] but the court denied relief. Exhibit 104. Petitioner did not appeal.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging various grounds for relief. Petition (#1) p. 4 - 17.

Respondent moves to deny the petition and dismiss this proceeding on the ground that petitioner did not file her habeas corpus petition within the time allowed by 28 U.S.C. § 2244. Response (#8) p. 1.

Under § 2244(d) as amended, a petitioner now has one year from the date a direct appeal is final to file a federal habeas corpus. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The judgment of convictions under attack in this case was entered into the register on March 9, 2006. Exhibit 101. Even though petitioner did not directly appeal her convictions, pursuant to ORS 19.255(1) she had 30 days from the entry of the judgment to do so. Therefore, under Bowen v. Roe, 188

---

[1] The petition was filed on November 17, 2006. Exhibit 103.

2 - FINDINGS AND RECOMMENDATION


F.3d 1157 (9th Cir. 1999), an additional 30 days should be added to the date of the trial court judgment.

Thus, petitioner had 365 days from April 10, 2006, excluding any time during which a state post-conviction proceeding was pending, to file her federal habeas corpus petition.

Petitioner signed a petition for post-conviction relief on October 26, 2006. Exhibit 103. The trail court judgment denying relief was entered into the register on June 9, 2008. Exhibit 102 p. 3. Even though petitioner did not appeal, pursuant to ORS 138.650, she had 30 days in which to do so. Therefore for tolling purposes, an additional 30 day should be added to the date of the post conviction court's judgment - or until July 9, 2008. Petitioner signed the petition in this proceeding on July 7, 2011.

Between April 10, 2006, the latest date petitioner could have directly appealed her convictions, and October 26, 2006, the date she signed the petition for post-conviction relief, 199 days accrued. Between July 9, 2008, the latest date on which petitioner could have appealed the judgment in the post-conviction proceeding, and July 7, the date she signed the petition in this case, 1093 days accrued. In sum, petitioner waited 1292 days from the date of the final judgment in her criminal proceeding before filing the petition in this case.

Petitioner argues that her petition should be considered timely for two reasons. First, petitioner argues that she

filed her petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Reply (#20) p. 1. Petitioner also argues that "equitable toling should be available to Petitioner for actual innocence concerning the murder charge she is challenging. Petitioner did not commit the murder, as evidenced by statements made by Petitioner's Co-defendants. .." *Id.* p. 2.

Under 28 U.S.C. § 2244(d)(1)(D), a petition for writ of habeas corpus is timely filed if it is filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner contends that her petition is timely because it was filed within one year of discovering her diagnosis of post-traumatic stress disorder (PTSD), Apparently contending that her diagnosis of PTSD is a "factual predicate" to her claims. Reply (#20) p. 1-2. Petitioner's argument fails for the following reasons.

First, petitioner has not provided any evidence that she has, in fact, been diagnosed with PTSD or that her PTSD caused her to give statements to the police or plead guilty. Although petitioner contends that she can provide proof of a diagnosis, the only evidence that petitioner has offered is

4 - FINDINGS AND RECOMMENDATION

a letter to a therapist, attached to her reply, in which she states" I need someone to testify to the fact that I have PTSD and have had it since I was young." Reply (#20) Exhibit 1.

Second, based on the date provided in petitioner's reply, she did not file her petition within one year of discovering her diagnosis of PTSD. Petitioner alleges in her reply that she "is utilizing the diagnosis of PTSD that was issued 3/6/2009, but was formally told by her mental health counselor that the diagnosis had been accepted and entered into her paperwork in February of 2011." Reply (#20) Petitioner signed the petition in this proceeding on July 7, 2011, well over two years after the diagnosis allegedly "issued" in March 2009.[2]

Third, a PTSD diagnosis would not be a factual predicate to petitioner's claims. The gravaman of petitioner's claims is that her statements to police, the grand jury, and the trial court were involuntary. The factual predicate for any claims involving coerced statements is what happened to petitioner at the time she made the statements - not a subsequent PTSD diagnosis. See, Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) (explaining that a factual

---

[2]In her petition petitioner alleges at least three other date upon which she learned of her PTSD diagnosis. Petitioner alleges that she has taken medication for various mentally disabling conditions including "past PTSD" since she was 12 years old. Petition (#1) p. 12. Petitioner also suggests she learned of the diagnosis in 2010 and in March, 2011. Id. p. 14 and 18, and 4.

5 - FINDINGS AND RECOMMENDATION

predicate for petitioner's claim that his statements had been coerced is what happened to the petitioner and that "Section 2244(d)(1)(D) does not restart the time when corroborating evidence becomes available.")

In addition, petitioner alleges she has taken medication for "severe socially and mentally debilitating depression since she was 11 years old. Diagnoses have been given to Petitioner for ADHD, depression, dysthymia, borderline personality traits and past PTSD." Petition (#1) p. 12. Therefore, to the extent that petitioner's mental health problems could be considered a factual predicate to her claims, petitioner acknowledges that she was aware of those problems prior to the allegedly coerced confessions giving rise to her claims in this proceeding.

Thus although a diagnosis of PTSD could be considered additional or supportive *evidence* mental health problems, it would not be a "factual predicate" to her current claims. See, McAleese v. Brennan, 483 F.3d 206, 214 (93rd Cir. 2007) (concluding that the petitioner "has confused the facts that make up his claims with evidence that might support his claims").

In her Reply, petitioner also appears to argue that the discovery that a witness named Maurice Miles was not deceased constitutes a factual predicate to her ineffective assistance

6 - FINDINGS AND RECOMMENDATION

of counsel claim based on counsel's failure to "ask for suppression of Petitioner's statement in grand jury." Reply (#20) p. 2.

Petitioner argues that she was under the influence of drugs at the time she was interviewed by police, rendering any statements she made to police involuntary. Petition (#1) p. 9. Petitioner's apparent argument is that Mr. Miles could substantiate the fact she used drugs the night prior to her arrest.

In arguing that the discovery of Mr. Miles being alive constitutes a factual predicate for her claim, petitioner again confuses the facts that might give rise to her claim with evidence that might support her claims. If plaintiff's claim is that her statements to police were coerced or involuntary due to drug use, she was aware of the factual predicate for that claim since the time she gave the statements. The fact that Mr. Miles may be able to testify that she used drugs prior to her statements would constitute additional or corroborating evidence of the claim.

Petitioner also argues that equitable tolling should apply to her petition because she is actually innocent of the murder charge. She argues she "did not commit the murder, as evidenced by the statements made by petitioner's co-defendants, Carl Alsup and Jimmy Stewart." Reply (#20) p. 2.

A showing of factual innocence may excuse an untimely claim. See, Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011). The actual innocence exception requires the petitioner to demonstrate a fundamental miscarriage of justice by showing that a "constitutional error probably resulted in the conviction of one who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1986) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. U.S., 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support (her) allegations of constitutional error with new reliable evidence ... that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. The burden is on the petitioner to prove that "it is more likely than not that no reasonable juror would have convicted (her) in light of the new evidence. Id. at 327; House v. Bell, 547 U.S. 518 536-37 (2006).

Arguably, because petitioner pled guilty, the "actual innocence" gateway should not be available to her. See, Smith v. Bladwin, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007); see also, Antone v. Mills, 2010 WL 3210875 (D. Or.)

In any event, petitioner has not presented any new evidence of her factual innocence or any evidence that would prove that it is more likely than not that no reasonable juror would have convicted her. Petitioner merely argues that "Carl

8 - FINDINGS AND RECOMMENDATION

Alsup admitted to kicking victim Jessica Williams in the head and stabbing her multiple times. It was made clear to the detectives and to the judge that Carl Aslup was the perpetrator in this crime and that both James Stewart and Petitioner were neither the cause of her death or in any way contributors to the crime committed." Reply (#20) p. 3.

Petitioner's actual innocence claim is inconsistent with her guilty plea, her prior admissions to police and her PCR deposition testimony and is unsupported by any evidence.

Based on all of the foregoing, I find that petitioners petition was not filed within the one year statute of limitations set forth in 28 U.S.C. § 2244(d) and that petitioner has failed to establish entitlement to a tolling of the statute. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

9 - FINDINGS AND RECOMMENDATION

objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 9th day of July, 2012.

Thomas M. Coffin
United States Magistrate Judge